IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DUANE R. OLSON,                  :
                                 :
        Petitioner               :
                                 :
    v.                           :    CIVIL NO. 4:CV-13-2304
                                 :
UNITED STATES OF AMERICA,        :    (Judge Brann)
                                 :
        Respondent               :

**MEMORANDUM**

October 8, 2013

**Background**

Duane R. Olson, filed this pro se action which seeks relief with respect to his April, 1990 indictment by a federal grand jury. Olson describes himself as being 84 years old and presently residing with family members in State College, Pennsylvania under the provisions of the Elderly Home Detention Pilot Program[1]

Named as sole Respondent is the United States of America. Accompanying

---

[1] Among the provisions of the Second Chance Act was the creation of the Elderly Offender Home Detention Pilot Program ("EOHDPP"). See 42 U.S.C. § 17541. The purpose of the EOHDPP was "to determine the effectiveness of removing eligible, elderly, federal offenders from a Bureau of Prisons facility and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced." 42 U.S.C. § 17541(g).

1

the Petition is an in forma pauperis application and a motion for summary judgment.[2] Olson will be granted temporary leave to proceed in forma pauperis for the sole purpose of the filing of this action with this Court.

Petitioner states that during April, 1990 he was indicted by a grand jury sitting in the United States District Court for the Northern District of Illinois on drug trafficking charges. Olson indicates that he was subsequently convicted on those charges and was sentenced to serve a 324 month term of incarceration. His Petition additionally notes that he has been incarcerated for the past 23 years.

Olson's pending action claims that: (1) the Northern District of Illinois lacked jurisdiction to impose his criminal sentence; and (2) his underlying criminal indictment was null and void. Based upon the nature of those allegations, Olson's action will be construed as seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241. There is no indication by Petitioner that he filed a direct appeal or sought relief with the sentencing court via a petition pursuant to 28 U.S.C. § 2255.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United

---

[2] Petitioner's request (Doc. 6) to withdraw his summary judgment motion will be granted.

States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Since he initiated his action before this Court, Petitioner is apparently arguing that he may bring his present claims of unconstitutional conviction and sentence via a § 2241 petition. It would appear that it is Olson's contention that this Court has jurisdiction over his § 2241 action by virtue of his ongoing home detention in State College, Pennsylvania.

When challenging the validity of a federal sentence and not its execution,[3] a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the

---

[3] A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Petitioner is clearly challenging the validity of his federal conviction and sentence which resulted from his 1990 indictment in the Northern District of Illinois. Thus, he must do so by following the requirements of § 2255. As previously noted, there is no indication by Petitioner that he either filed a direct appeal or previously sought relief via a § 2255 action.

Olson's instant claims are not based upon a contention that his conduct is no longer criminal as a result of some change in the law. Nor has Petitioner shown that he is unable to present his claims via a § 2255 proceeding. As recognized by the Hon. Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Clearly, Olson's pending claims do not fall within the narrow <u>Dorsainvil</u> exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. <u>See</u> <u>Levan v. Sneizek</u>, 325 Fed. Appx. 55, 57 (3d Cir. April 2009).

Since there is no basis for a determination that § 2255 is inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed for lack of jurisdiction. Of course, this dismissal has no effect on Petitioner's right to file a § 2255 motion in the United States District Court for the Northern District of Illinois, or if appropriate seek authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition.

BY THE COURT:

<u>s/Matthew W. Brann</u>
Matthew W. Brann
United States District Judge